**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CARMEN VELAZQUEZ,

    Plaintiff,

v.                                        Case No:   6:21-cv-1401-GAP-LRH

ENVOY AIR, INC.,

    Defendant.

**ORDER**

This matter is before the Court on Defendant's Motion to Dismiss or Transfer Venue (Doc. 11). In ruling on this Motion, the Court also considered Plaintiff's Response in Opposition (Doc. 15).

**I.    Background**

Plaintiff Carmen Velazquez ("Velazquez") sued her former employer, Envoy Air, Inc. ("Envoy"), for employment discrimination. Velazquez worked for Envoy as a flight attendant based out of Dallas/Fort Worth airport in Texas. While on voluntary furlough on July 28, 2020, Velazquez posted a comment on a social media platform referencing Envoy. When Velazquez returned from furlough on August 7, 2020, she was called into a meeting in Dallas, Texas. In this meeting, Envoy told Velazquez that it was investigating her social media use. On August 11, 2020, Envoy terminated her employment and notified her by phone. Velazquez

sued Envoy, claiming that it violated the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964 when it terminated her. Envoy now moves to dismiss this case for lack of personal jurisdiction, or alternatively, to transfer this case to Texas.

**II.    Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(2), a defending party can move to dismiss for lack of personal jurisdiction. To determine whether it has personal jurisdiction over a nonresident defendant, the Court must undertake a two-part analysis. First, it must determine whether the forum state's long-arm statute provides a basis for personal jurisdiction. If so, the court must then determine whether sufficient minimum contacts exist between the defendants and the forum state to satisfy "traditional notions of fair play and substantial justice" under the Fourteenth Amendment's Due Process Clause. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996) (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted)). On a 12(b)(2) motion, the Court "must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); *see also Abramson v. Walt Disney Co.*, 132 F. App'x 273, 275 (11th Cir. 2005). Generally, "the plaintiff[ ] has the burden of establishing a prima

facie case of personal jurisdiction." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

### III. Analysis

Florida's "long-arm" statute contains two provisions that confer jurisdiction over a non-resident defendant. Florida Statute, section 48.193(2), confers general jurisdiction over a defendant if the defendant "engages in substantial and not isolated activity within this state . . . whether or not the claim arises from that activity." Florida Statute, section 48.193(1), confers specific jurisdiction over a defendant if a claim "arises from" certain enumerated acts that the defendant has carried out within the state. Velazquez contends that Envoy is subject to both the Court's general jurisdiction and its specific jurisdiction. The Court analyzes each argument in turn.

### A. General Jurisdiction

The reach of Florida's general jurisdiction provision "extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010) (citing *Woods v. Nova Cos. Belize*, 739 So. 2d 617, 620 (Fla. 4th DCA 1999)). "The exercise of personal jurisdiction comports with due process if the non-resident defendant has established 'certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"

*Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1220 (11th Cir.2009) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

"'A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations,' without offending due process 'when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State.'" *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "A corporation's place of incorporation and its principal place of business are 'paradigm all-purpose forums.'" *Carmouche*, 789 F.3d at 1204 (quoting *Daimler AG*, 571 U.S. at 137). And "a corporation's operations in a forum other than its formal place of incorporation or principal place of business" will only render a corporation "at home" in that forum in "exceptional" cases. *Id.* (quoting *Daimler AG*, 571 U.S. at 761 n. 19).

Envoy is not incorporated in Florida and does not maintain its principal place of business here. Based on the facts pled and those presented in the parties' briefing, Envoy has a license to do business in Florida and routes flights through Florida airports. These are not the "exceptional" circumstances that would render Envoy "at home" in Florida, such that this Court can exercise general jurisdiction

- 4 -

over it.¹ *See, e.g.*, *Carmouche*, 789 F.3d at 1204 (corporation was not "at home" in Florida, even where it maintained a bank account in Florida, two Florida addresses, purchased insurance in Florida, filed a financing statement with the Florida Secretary of State, and contractually consented to certain lawsuits in the Southern District of Florida).

### B. Specific Jurisdiction

Velazquez also argues that Envoy is subject to the specific jurisdiction provision of Florida's long-arm statute with respect this lawsuit. She contends that at the time of her termination, Envoy was "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." Fla. Stat. § 48.193(1)(a). No party seriously disputes that Envoy operated its business in some capacity in Florida. The question, therefore, is whether the events leading to Velazquez's termination arose from those business operations.

"A court may exercise specific jurisdiction over a nonresident defendant only when the plaintiff's cause of action arises from or is directly related to a defendant's contacts with the forum state." *Crowe v. Paragon Relocation Res., Inc.*,

---

¹ To hold otherwise would lead to a finding that Envoy is "at home" in every state it routes flights through in contravention of Supreme Court precedent. *See Daimler AG*, 571 U.S. at 138-39.

506 F. Supp. 2d 1113, 1120 (N.D. Fla. 2007) (citing *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 n.3 (11th Cir. 2006)). There must be "a connection or 'connexity' between the enumerated activity in Florida and the cause of action." *Aegis Defense Servs., LLC v. Gilbert*, 222 So. 3d 656, 661 (Fla. 5th DCA 2017).

In laying out her claims, Velazquez alleges the following: (1) she worked for Envoy as a flight attendant based out of Dallas, Texas; (2) she made a social media post while she was on furlough at her residence in Orlando, Florida; (3) Envoy's Dallas personnel investigated this post and met with Velazquez regarding this investigation when she returned to work in Dallas; (4) Envoy suspended Velazquez pending the outcome of the investigation; and (5) Envoy terminated her while she was awaiting the results of the investigation in Florida.[2] None of these factual allegations arise out of or bear any sort of connection to Envoy's business activities in Florida. Velazquez was based in Dallas and Envoy carried out its investigation and employment actions in Dallas. The only alleged facts relating to Florida are that Velazquez made the social media post while she was at her Florida home and that she was at her home when she was notified of her

---

[2] Velazquez also references the fact that she applied for her job online while she was in Florida and that Envoy flew her to Dallas, Texas, to interview. Plaintiff's claims are not based on her hiring and the Court does not consider these facts here.

termination. These facts are not connected to any of Envoy's Florida business activities.³ Therefore, Velazquez has failed to establish that Envoy is subject to specific jurisdiction under Florida's long-arm statute.

### IV. Conclusion

Accordingly, it is hereby **ORDERED** that Defendant's Motion to Dismiss (Doc. 11) is **GRANTED**. Plaintiff's Complaint is **DISMISSED** without prejudice for lack of personal jurisdiction.⁴ The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 22, 2021.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

³ *Compare Davis v. CEO Recruiting, Inc.*, 6:18-cv-695, 2018 WL 4964638, at *3–5 (M.D. Fla. Sept. 28, 2018) (defendant subject to specific jurisdiction where plaintiff employee performed work activities in Florida, was supervised by Florida staff and hired people to work in Florida) *with Crowe*, 506 F. Supp. 2d at 1120–21 (defendant not subject to specific jurisdiction under Florida Statute, section 48.193(1)(a), where cause of action was based on defendant's rejection of plaintiff's application for a job with defendant in Washington, D.C., which would not require plaintiff to serve or solicit clients in Florida).

⁴ In her response, Velazquez made no request that the Court transfer venue in lieu of dismissal if it ruled for Envoy on the personal jurisdiction issue. And Envoy only asked the Court to transfer this case if the Court determined there was personal jurisdiction. Accordingly, the case is to be dismissed without prejudice.